Arnold Jones, as Administrator of the Estate of Louis Jones, Deceased, Plaintiff, *v.* Robert Morse et al., Defendants.

Ernest J. Bernier, Plaintiff, *v.* Robert Morse, Defendant.

Supreme Court, Special Term, Oneida County, December 30, 1947.

*Bartle Gorman* for Robert Morse, defendant.

*Howard J. Blaugrand* and *Salvador J. Capacelatro* for Arnold Jones, plaintiff.

*F. Penberthy* for Ernest Bernier, plaintiff.

*Albert J. Monahan* for Ernest Bernier, defendant.

Cross, J. Defendant Robert Morse, makes a motion in each of the above actions to set aside the judgment entered upon the ground that one of the jurors in these two actions, which were tried together, acted improperly, constituting misconduct, and also upon the further ground that undue influence was taken by some of the witnesses in the presentation of testimony as to the dependency of one of the children of the deceased, Arnold Jones. The court is clear that such latter ground is without basis upon this motion to grant the relief asked, and will dismiss this ground without further discussion.

The nub of the misconduct claimed as a basis for this motion is the incorrect statement or suppression of fact, as the case may be, on the part of a juror with respect to his acquaintanceship and relations with a first cousin of Ernest J. Bernier, a defendant in the first action and plaintiff in the second.

During the progress of the trial, and upon the court being informed that this juror was acquainted and had business connections with a first cousin of a party to the action, the court called the juror into chambers, and in the presence of the attorneys representing all the parties, interrogated the juror at length, in the course of which interrogation, the juror stated that he did not know anybody who was involved in the accident excepting the people he saw in court, and specifically stated that he did know a man named Houle, but never heard him talk about the case. The juror further specifically stated that he did not know Houle was a cousin of anybody involved in the accident, or that he was related in any way to any such person.

The court is convinced that the juror knew when he was interrogated in chambers that his working associate, Houle was a cousin of Bernier. The cases then proceeded to trial and substantial verdicts totalling $13,134.29 were rendered by the jury against the defendant, Robert Morse, and the defendant Ernest J. Bernier, was exonerated from liability in both actions. The evidence before the jury was very sharply at variance upon the question of whether the accident was solely caused by the negligence of Bernier, or was solely caused by the negligence of Morse, or whether the accident resulted from the concurrent negligence of both Bernier and Morse.

On this motion, the cousin of Bernier was produced as a witness and it appeared that he had informed the juror of the fact that it was his cousin named Bernier, who was involved in the lawsuits in which the juror was participating. The court is convinced that such information was conveyed by Houle, the cousin of Bernier, to said juror prior to the occasion when the juror was interrogated before the counsel and is of the opinion that good faith and legal obligation toward the parties involved requiled the juror to disclose this circumstance.

The court is unable to say in this sharply litigated case that this discussion with the party's cousin, and the objective and subjective knowledge resulting therefrom in the mind of the juror, did not influence both the determination of liability and the amount of damages. Had it not been for the juror's disclaimer of acquaintanceship, the court can well understand that a motion for a mistrial was then in order and entitled to receive serious consideration from the court and may well have caused the court to grant a mistrial unless the parties and their attorneys voluntarily consented to proceed with eleven jurors. The court is aware that it did not have the legal right to require any of the parties to proceed with less than twelve jurors, and

furthermore that each party was entitled to a jury of twelve indifferent, unbiased men.

The weight of the proofs before the court on this motion indicate that the juror did not correctly answer the questions propounded to him by the court. Whether or not this was due to inattention is presently of relative unimportance. It is important, however, that every reasonable safeguard should be thrown around the conduct of a trial to the end that no question can arise as to the fairness thereof.

The verdicts must be set aside in both cases because the evidence was inextricably intermingled relating to the questions of both liability and the amount of damages.

An order may be entered accordingly. The order may also provide for a new trial, without costs.